**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10524 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00181-GEB-1 |
| v. | |
| CESAR CABALLERO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN, District Judge.**

Cesar Caballero was convicted of three counts of "knowingly and willfully obstruct[ing] or retard[ing] the passage of the mail." 18 U.S.C. § 1701. Each

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

count related to the delay or diversion of mail from a specific address. Caballero was sentenced to 90 days in jail and ordered to pay a special assessment of $30.

I

Caballero challenges the sufficiency of the evidence to support each of his convictions. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). With regard to Count 2, there was no evidence that the relevant address existed. The government concedes that we should vacate Caballero's conviction on that count. We agree.

As to Counts 1 and 3, the government concedes that § 1701 requires proof that actual pieces of mail were obstructed or delayed. To support Caballero's conviction on Count 1, the government points to the testimony of a postal employee who answered "[y]es" when asked whether "the mail [for the address at issue in Count 1] was actually placed on hold." Although the parties dispute the meaning of this testimony, a reasonable finder of fact could conclude that this testimony established that mail was actually delayed.

To support Caballero's conviction on Count 3, the government relies on two pieces of evidence: (1) testimony that the relevant address did not receive mail for at least one day, which "was unusual," and (2) testimony that Caballero previously admitted "that he had received a couple of pieces of mail" after filing change-of-address forms for the relevant address and another address. Taking these pieces of

2

testimony together, a reasonable finder of fact could conclude that Caballero received mail that was originally directed to the relevant address.

## II

Caballero also argues that his conviction on Count 1 resulted from a fatal variance between the evidence at trial and the information. Because the information did not refer to the address at issue in Count 1, Caballero claims that he had an "inadequate opportunity to present a defense and [was exposed] to unanticipated evidence" at trial.

Caballero was not presented with unanticipated evidence at trial. As Caballero's counsel admitted at oral argument, the government's disclosures during discovery put Caballero on notice that the government had evidence concerning the relevant address.

In addition, Caballero's ability to present his defense was not hindered by any variance. Caballero's defense strategy focused on whether he had the necessary intent. This argument was unaffected by the number of addresses at issue. Therefore, any variance was not fatal.

## III

As the government concedes, vacatur of Caballero's conviction on Count 2 requires that we remand for resentencing. Because Caballero will be resentenced,

3

we decline to address his arguments concerning his right to allocute and the reasonableness of his sentence.

Caballero also requests that we remand for resentencing to a different magistrate judge. We refuse to do so because this case does not present "unusual circumstances." *See United States v. Mikaelian*, 168 F.3d 380, 387 (9th Cir. 1999). Caballero provides no reason to believe that the original judge will have a difficult time ignoring Caballero's erroneous conviction on Count 2. Similarly, Caballero provides no reason that reassignment would promote the appearance of justice.

IV

For the foregoing reasons, we affirm as to Counts 1 and 3, vacate as to Count 2, and remand for resentencing.[1]

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

---

[1] Each party shall bear its own costs on appeal.